IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SAMEH DIDES                      *
                                 *
                                 *    Civil Action No. WMN-12-2989
v.                               *
                                 *
OCWEN LOAN SERVICES, LLC         *
                                 *
*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

### MEMORANDUM

Plaintiff filed this action in the District Court for Anne Arundel County, Maryland, on or about September 13, 2012.  The allegations in the Complaint, in their entirety, are as follows: "Illegally charging fees and illegally reporting to the [Bureau] causing loss of Business and continuous [harassment] by Phone requesting that [illegible writing] all fee[s] and pay for compensation."  ECF No. 2.  By checking a box, Plaintiff indicated that this was a "contract" action and he claims as damages "$20,000 plus interest."  Id.

Defendant is a mortgage loan servicer and services the loan held by Plaintiff on behalf of the current note holder.  See Removal Petition, ECF No. 1 at 1.  On that basis, Defendant makes the assumption that Plaintiff was attempting to assert a claim under the federal Fair Debt Collection Act and/or the federal Fair Credit Reporting Act.  Asserting federal question

jurisdiction, Defendant timely removed the action to this Court
on October 10, 2012.

Defendant then filed a motion to dismiss.  ECF No. 7.  As
grounds, Defendant argues that the allegations in the Complaint
lack sufficient specificity or factual content to state a claim
or to permit Defendant to appropriately respond.  Plaintiff
filed a response to the motion to dismiss, ECF No. 12, in which
he states that he telephoned defendant's counsel and explained
the nature of his claim.  He also provided some additional
detail concerning the factual basis for his claim – that
Defendant did not credit him for a payment he claims that he
made and that Defendant failed to pay his property taxes despite
there being adequate funds in the escrow account to do so.  What
Plaintiff may have told Defendant's counsel on the telephone or
stated in his opposition, however, are not part of the Complaint
and cannot be considered by the Court in deciding the motion to
dismiss.

Plaintiff also filed a "Motion to Return to Maryland
District Court," ECF No. 13, that the Court treats as a motion
to remand.  That motion was filed on December 3, 2012.  In that
motion, Plaintiff repeats some of the allegations made in his
response to the motion to dismiss and also argues that his is a
contract action governed by state and not federal law.  He also
suggests that escrow accounts and credit bureaus are regulated

by state and not federal law.  Defendant opposed the motion to
remand, noting that it was not filed within 30 days as required
under 28 U.S.C. § 1447(c).  Defendant also argues that
Plaintiff's motion to remand adds allegations concerning escrow
accounts which might implicate yet another federal statute, the
Real Estate Settlement Procedures Act.

The Court will deny Plaintiff's motion to remand at this
time.  While the precise nature of his claim is not clear, it
appears from the allegations in the Complaint that he could be
attempting to assert claims under federal statutes.  If so, the
removal would be proper.

The Court will also grant Defendant's Motion to Dismiss.
While the federal pleading standard requires simply a "short and
plain statement of the claim showing that the pleader is
entitled to relief," Fed. R. Civ. P. 8(a), the complaint must
contain "enough facts to state a claim for relief that is
plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S.
544, 570 (2007).  The Complaint must contain more than "labels
and conclusions."  Id. at 555.  Here, the allegations in the
Complaint are nothing more than vague assertions of accounting,
reporting and harassment that are somehow "illegal."

The Court will dismiss the action, without prejudice to
Plaintiff's filing of an Amended Complaint within fourteen days
of the date of this Memorandum and Order, should Plaintiff chose

3

to do so.  Once Plaintiff clarifies his claims, the Court can
re-evaluate whether those claims arise under federal law, as
they appear to, or under state law.  See Shilling v.
Northwestern Mut. Life Ins. Co., 423 F. Supp. 2d 513, 520-21 (D.
Md. 2006) (holding that remand was appropriate after the
plaintiff amended complaint to remove federal claim).  The Court
also notes that, where remand is sought based upon a lack of
federal subject matter jurisdiction, the timeliness of a motion
to remand is of no moment.  If this Court does not have subject
matter over the claims asserted, it can remand the action sua
sponte.  Ellenburg v. Spartan Motors Chassis, Inc., 519 F.3d
192, 196 (4th Cir. 2008).

       A separate order will issue.

                        _____/s/_____
                        William M. Nickerson
                        Senior United States District Judge


DATED: January 14, 2013