IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SAMEH DIDES                           *
                                      *
                                      *   Civil Action No. WMN-12-2989
v.                                    *
                                      *
OCWEN LOAN SERVICING, LLC             *
                                      *
*  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *

**MEMORANDUM**

Plaintiff filed this action in the District Court for Anne Arundel County, Maryland, on or about September 13, 2012. The allegations in the Complaint, in their entirety, were as follows: "Illegally charging fees and illegally reporting to the [Bureau] causing loss of Business and continuous [harassment] by Phone requesting that [illegible writing] all fee[s] and pay for compensation." ECF No. 2. The Court dismissed the Complaint on Defendant's motion, but with leave for Plaintiff to file an Amended Complaint.

Plaintiff timely filed an Amended Complaint that provided some additional factual allegations. ECF No. 17. He asserts that, after ten years of having his mortgage loan serviced by Litton, Defendant Ocwen took over the servicing. When it did, it recalculated the amount that had to be held in escrow and, as a result, demanded an increased monthly payment. While not entirely clear from the Amended Complaint, it appears that

Plaintiff's monthly mortgage payments did not include the additional escrow payments and, as a result, Plaintiff was assessed late fees. Plaintiff also alleges that Defendant failed to pay his real estate taxes in full in September 2012, which resulted in additional fees. Nonetheless, Plaintiff asserts that Defendant "mailed him a refund check in JAN 2013 of $1151.00 even though I did not send them the money they demanded." Am. Compl. at 2. Finally, Plaintiff complains that Defendant refused to disclose to him the current note holder so that he could communicate with the note holder directly.

Based upon these allegations, Plaintiff opines that:

> OCWEN had no right to change the yearly analysis without the direction of the current note holder and without justification, [e]specially for the last ten year[s] it was fine
>
> OCWEN had no right to cash my APR 2012 payment and not sen[d] it [to] the note holder, then charge late fees and report to the [credit] bureau that the loan [is] in default.
>
> OCWEN had no right to [make] only partial[] payment of my taxes, where the funds are available.
>
> OCWEN['s] action caused me los[s] of creditability and [to] lose[] my line of credit with creditors.

Id.

In moving to dismiss the Amended Complaint, or for summary judgment, Defendant explains that, when it acquired Litton in September 2011 and thus obtained the servicing rights to

2

Plaintiff's loan, it reviewed the tax assessments for the property and determined that increased escrow payments would be required to fund the December 2011 installment and future 2012 tax assessments in full. Aff. of Rashad Blanchard at ¶ 15. Taxes on the property had increased in 2009, 2010, and 2011. Real estate taxes fell significantly, however, in 2012 and that fall resulted in the refund to Plaintiff. Id. ¶ 16.

Defendant further explained that its assessment and handling of the escrow funds was fully consistent with the terms of the Deed of Trust executed by Plaintiff. Specifically, the Deed of Trust permits the loan servicer to estimate the amount of future property taxes and collect and hold those payments in escrow. It also allows that, when partial payments are made, the payment can be accepted and placed in a "suspense account" until such time as sufficient payments are made to bring the loan current. Id. ¶ 10.

In opposing the motion, Plaintiff fails to rebut any of Defendant's factual representation or to respond to any of Defendant's arguments. Instead, in a one page response that cites no legal authority and is supported by no exhibits nor affidavit, Plaintiff raises a new allegation related to his service on Defendant of a "QWR[1] form requir[ing] [Defendant] to

---

[1] It is assumed Plaintiff is referencing a Qualified Written Request. Under the Real Estate Settlement Procedures Act

3

produce all original documents of any transfers as required by federal law." ECF No. 25 at 1. Plaintiff did not provide a copy of this alleged "QWR" with his response or with his Amended Complaint. Regardless, as Defendant notes in its reply brief, the permissible scope of Qualified Written Requests under RESPA is limited to information related to the servicing of loans, specifically the receipt of payments from a borrower and the making of payments of principal and interest. See 12 U.S.C. §§ 2605(e)(1)(A) and 2605(i)(3); Ward v. Security Atl. Mort. Electronic Registration Sys., Inc., 858 F. Supp. 2d 561, 574 (W.D.N.C. 2012). There is no requirement that servicers provide "original documents of any transfers." Ward, 858 F. Supp. 2d at 574-75.

To overcome a motion for summary judgment, a plaintiff "may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 n.11 (1986). Disputes concerning material facts are genuine where the evidence is such that a reasonable jury could return a verdict for the non-moving

---

(RESPA), a servicer of federally related mortgages is required to provide a written response when it receives a "Qualified Written Request" from a borrower or borrower's agent. See 12 U.S.C. § 2605.

party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  Here, Defendant has submitted admissible evidence that it serviced Plaintiff's mortgage loan consistent with the terms of the Deed of Trust.  Plaintiff offers nothing to refute that evidence.  Accordingly, Defendant is entitled to summary judgment on Plaintiff's Amended Complaint.  A separate order will issue.

                                                /s/
                             William M. Nickerson
                             Senior United States District Judge

DATED: May 21, 2013